```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

KIRK PICOU, ET AL.                        CIVIL ACTION

VERSUS                                    NO: 13-5951

FIDELITY NATIONAL PROPERTY
AND CASUALTY INSURANCE                    SECTION: "A" (4)
COMPANY, ET AL.
```

### ORDER AND REASONS

Before the Court is a <u>Motion to Dismiss for Failure to State a Claim (Rec. Doc. 11)</u> filed by Defendant Anthony A. Voiron, Jr., individually and d/b/a Voiron Insurance Services, LLC ("Voiron"). Plaintiffs oppose the motion. The motion, set for hearing on December 4, 2013, is before the Court on the briefs without oral argument. For the following reasons, the motion is **GRANTED**.

### I. Background

In August 2008, Plaintiffs purchased a residential flood insurance policy from insurance agent Anthony A. Voiron, Jr., owner and operator of Voiron Insurance Services, LLC. The insurance policy was issued by Fidelity National Indemnity Insurance Company and provided for content coverage with a limit of $100,000.00.

On August 29, 2012, at which time the flood insurance policy was in full force and effect, Hurricane Isaac caused damage to

1

Plaintiffs' home.  Within several days of the storm's occurrence, Fidelity assigned an adjuster to evaluate and adjust Plaintiffs' loss.  Plaintiffs submitted proof of their insured loss to Fidelity and demanded payment pursuant to the insurance policy.  Fidelity paid Plaintiffs $66,160.04 pursuant to the contents portion of the policy.

On August 26, 2013, Plaintiffs filed this lawsuit. Plaintiffs made Fidelity a defendant, alleging that Fidelity miscalculated the damages Plaintiffs sustained and negligently undervalued their property.  Plaintiffs also made Voiron a defendant to the lawsuit, alleging the following:

> Defendant, **ANTHONY A. VOIRON, JR. individually and d/b/a VOIRON INSURANCE SERVICES, L.L.C.**, was negligent in the procurement of flood insurance for petitioners, in not properly valuing the property, negligent failure to properly advise petitioners as to the correct limits of coverage and/or properly advising their insured's as to the purchase of the correct amount of insurance to fully cover their home's personal contents.  Or, in the alternative, in procuring insurance, the limits of which could never be obtained given the property insured.[1]

On October 24, 2013, Voiron filed the instant motion to have Plaintiffs' claims against him dismissed.  Voiron contends that dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) due to Plaintiffs' failure to state a claim against him upon which relief may be granted.

---

[1] Rec. Doc. 1-2, Plaintiff's Petition, ¶ 14.

2

**II. Standard of Law**

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.[2] However, the foregoing tenet is inapplicable to legal conclusions.[3] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[4]

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.[5] To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2]*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)).

[3]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[4]*Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

[5]*Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

[6]*Id.* (*quoting Iqbal*, 129 S. Ct. at 1949).

defendant is liable for the misconduct alleged."[7] The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[8] Legal conclusions must be supported by factual allegations.[9]

### III. Discussion

In his motion, Voiron first argues that Louisiana law does not recognize a cause of action against insurance agents for failing to advise a client as to whether he is underinsured or carries the right type of coverage. Voiron alternatively argues that even if Plaintiffs had a cause of action against him, any such claim would be time barred under Louisiana law.

Voiron cites the Louisiana Supreme Court case of *Isidore Newman School v. J. Everette Eaves, Inc.*[10] for the proposition that Louisiana law does not impose on insurance agents a duty to advise clients as to the proper amount or type of coverage. In their opposition, Plaintiffs rely on *Durham v. McFarland, Gay and Clay, Inc.*, citing it for the proposition that "an agent's

---

[7] *Id.*

[8] *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

[9] *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

[10] *Isidore Newman School v. J. Everette Eaves, Inc.*, 42 So. 3d 352 (La. 2010).

4

fiduciary duty includes advising his client with regards to recommended coverage."[11] However, Courts in this district have recently ruled that *Durham* is no longer controlling and has not been followed in subsequent Louisiana cases, including *Isidore Newman*.[12]

In *Isidore Newman*, the Louisiana Supreme Court stated the following:

> An agent has a duty of "reasonable diligence" to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs.[13]

Plaintiffs' claims against Voiron assert that he was negligent in failing to advise them as to the correct amount of coverage to obtain. Accordingly, Plaintiffs have not stated a valid cause of action under Louisiana law.

Plaintiffs have failed to demonstrate that their claims against Voiron are not controlled by *Isidore Newman*.

---

[11]*Durham v. McFarland, Gay and Clay, Inc.*, 527 So.2d 403, 405 (La. App. 4th Cir. 1988).

[12]*Green v. Guidry*, No. 11-2466, 2012 WL 5507286, at *4 (E.D. La. Nov. 14, 2012); *Morin v. Am. Bankers Ins. Co. of Florida*, No. 13-5972, 2013 WL 6002782, at *2 (E.D. La. Nov. 12, 2013).

[13]*Id.* at 329.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim (Rec. Doc. 11) filed by Defendant Anthony A. Voiron, Jr., individually and d/b/a Voiron Insurance Services, LLC is hereby **GRANTED**.

This 20th day of December, 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE